UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOM MILES,

    Petitioner,

v.                                          CASE NO. 07-15068
                                              HONORABLE GEORGE CARAM STEEH

DEBRA SCUTT,

    Respondent.
_____/

**OPINION AND ORDER**
**(1) GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING,**
**(2) GRANTING RESPONDENT'S MOTION TO DISMISS**
**ON AN ALTERNATIVE BASIS, AND**
**(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Tom Miles has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Also pending before the Court are (1) respondent Debra Scutt's motion to dismiss the habeas petition for failure to comply with the statute of limitations and (2) Petitioner's motion to equitably toll the limitations period.

Having reviewed the pleadings and state court record, the Court finds that it is more efficient to address the merits of Petitioner's claims than to analyze whether the statute of limitations should be equitably tolled. Therefore, Petitioner's motion for equitable tolling will be granted. Respondent's motion to dismiss the habeas petition also will be granted, because Petitioner's claims lack substantive merit.

**I. Background**

Petitioner was charged in Oakland County, Michigan with open murder, assault with intent to commit murder, and two counts of possession of a firearm during the commission of a

felony (felony firearm). The charges arose from a shooting at a tavern in Pontiac, Michigan on May 17, 1977. The transcript of trial indicates that Petitioner shot and killed a bartender and fired his gun at the other bartender when he was refused a drink at closing time. He ran out of the tavern after the shooting, but certain eyewitnesses were able to identify him in a photographic array shown to them on the same day as the shooting. Petitioner, however, left the State and moved to Florida. He eluded investigators until he caused a disturbance at a fast food restaurant and a responding police officer asked a dispatcher to enter Petitioner's name into a computer database. The computer search revealed an outstanding warrant for a possible murder in Michigan.

Petitioner was detained and ultimately returned to Michigan. He was tried in Oakland County Circuit Court almost twenty-four years after the crime. Some witnesses were able to identify him at trial as the gunman or the shooter. He did not testify or present any witnesses. His defense was that there was reasonable doubt as to whether he was the shooter and, even if the jury concluded that he was the shooter, he did not premeditate or deliberate the shooting.

On April 20, 2001, a circuit court jury convicted Petitioner of first-degree (premeditated) murder, MICH. COMP. LAWS § 750.316, assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and two counts of felony firearm, MICH. COMP. LAWS § 750.227b. On May 18, 2001, the trial court sentenced Petitioner to two years in prison for the felony firearm convictions, followed by concurrent terms of life imprisonment for the murder and twenty to forty years in prison for the assault.

On appeal from his convictions, Petitioner argued that (1) defense counsel was ineffective for failing to object to the identification procedures, (2) the prosecutor made unfair

use of two police officers' testimony regarding identifications made during the photographic show-ups, and defense counsel failed to object, (3-4) reversible error occurred when (a) one witness testified that "a guy" in the bar showed him some bullets and (b) another witness testified that "Ceotis might have mentioned [the shooter's] name," (5) the evidence was insufficient to show premeditation and deliberation, and (6) the cumulative effect of the errors deprived him of due process and a fair trial. The Michigan Court of Appeals found no merit in these claims and affirmed Petitioner's convictions in an unpublished, *per curiam* opinion. *See People v. Miles*, No. 234681 (Mich. Ct. App. May 1, 2003). Petitioner filed a late application for leave to appeal in the Michigan Supreme Court, which rejected his application on July 2, 2003.

On April 17, 2006, Petitioner filed a motion for relief from judgment in which he raised his habeas claims. The trial court denied Petitioner's motion on the ground that he had failed to establish "good cause" under Michigan Court Rule 6.508(D)(3) for not raising his claims on appeal and "actual prejudice" from the alleged irregularities. The Michigan Court of Appeals denied leave to appeal the trial court's decision because, in its opinion, Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Miles*, No. 275648 (Mich. Ct. App June 8, 2007). On September 24, 2007, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Miles*, 480 Mich. 891; 738 N.W.2d 744 (2007).[1]

Petitioner signed and dated his habeas corpus petition on November 17, 2007. The issues

---

[1] The United States Court of Appeals for the Sixth Circuit has held that state court orders denying relief under Michigan Court Rule 6.508(D) are a sufficient basis for federal district courts to conclude that the orders were based on a state procedural bar. *See Burroughs v. Makowski*, 282 F.3d 410, 413-14 (6th Cir. 2002). Respondent has not raised this defense, and the Court is not required to raise the issue *sua sponte*. *Trest v. Cain*, 522 U.S. 87, 89 (1997).

are:

    I.        Was appellant denied his Sixth Amendment right to the effective assistance of counsel when trial counsel failed to object to the admission of prejudicial "hearsay" testimony, when the prosecution presented a "substitute" medical examiner, to testify in the place of the medical examiner who actually performed the autopsy upon the deceased. Thus, denying the defendant his Sixth Amendment right to confrontation and a fair trial.

    II.       Was appellant denied his Sixth Amendment right to effective assistance of counsel when trial counsel failed to object to and litigate the police's failure to present exculpatory evidence, which could have exonerated appellant. Thus, denying appellant his Fourteenth Amendment right to due process.

    III.      Was appellant denied his substantive constitutional guarantee of not being tried when he was unable to meaningfully consult with trial counsel with a reasonable degree and rational understanding, nor did he possess a rational degree of understanding of the proceeding; due to being under the influence of prescribed medication. Counsel's failure to safeguard appellant's Fourteenth Amendment right to due process denied appellant his Sixth Amendment right to the effective assistance of counsel.

    IV.      Was the appellant denied his Sixth Amendment right to the effective assistance of counsel when trial counsel failed to object to and litigate the admission of prejudicial "hearsay" testimony, which effectively denied appellant's right to confrontation; the state's failure to preserve and present critical exculpatory evidence to appellant at trial; and to raise question of appellant's competency, at the time of trial. All of which, taken in conjuncture denied appellant the effective assistance of counsel, as guaranteed by the United States Constitution.

    V.       Was the appellant denied his Sixth Amendment right to . . . effective counsel on direct appeal when appellate counsel failed to litigate critical issues of a constitutional magnitude.

Respondent argues in his pending motion to dismiss the habeas petition that Petitioner has failed to comply with the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). Petitioner concedes that his habeas petition is untimely. He seeks to equitably toll

the limitations period on the grounds that he lacked notice and constructive knowledge of the filing requirement due to his eighth grade education, limited intelligence, and use of mind-altering medication. Petitioner also alleges that his attorney was ineffective and that he was forced to rely on incompetent inmates to help him litigate his claims. He maintains that his ignorance of the filing requirement was reasonable. He states that he has been diligent in pursuing his rights, that Respondent will not be prejudiced by equitable tolling, and that extraordinary circumstances prevented him from filing his habeas petition on time.

The statute of limitations is not a jurisdictional bar to review of habeas petitions, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and Petitioner's claims lack merit. Therefore, the Court will excuse the untimely filing and grant Petitioner's motion for equitable tolling [Doc. 4, Nov. 29, 2007]. The Court will proceed to address Petitioner's claims on their merits, using the following standard of review.

## II. Standard of Review

Habeas petitioners are entitled to the writ of habeas corpus only if they can show that the state court's adjudication of their claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

5

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. When, as here, no state court has evaluated a habeas petitioner's federal claims on the merits, the deference due under § 2254(d) does not apply, and habeas review of the claims is *de novo*. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

## III. Discussion

### A. The Medical Testimony

Petitioner alleges that his constitutional right to confront the witnesses against him was violated when a medical examiner, other than the one who performed the autopsy on the deceased victim, testified about the results of the autopsy. The Confrontation Clause of the Sixth Amendment provides a criminal defendant with "the right physically to face those who testify against him, and the right to conduct cross-examination." *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987). At the time of Petitioner's trial, the controlling Supreme Court decision was *Ohio v. Roberts*, 448 U.S. 56 (1980).[2] The Supreme Court held in *Roberts* that hearsay statements are

---

[2] *Roberts* has been abrogated in part by *Crawford v. Washington*, 541 U.S. 36 (2004). The Court need not determine whether Petitioner's statements were admissible under *Crawford*, because *Crawford* was decided after Petitioner's conviction became final, and it does not apply retroactively on habeas review. *Whorton v. Bockting*, __ U.S. __, __, 127 S. Ct. 1173, 1177 (2007); *Dorchy v. Jones*, 398 F.3d 783, 788 (6th Cir. 2005). Even if *Crawford* were applicable, a medical examiner is not "precluded under *Crawford* from either (1) testifying about the facts contained in an autopsy report prepared by another, or (2) expressing an opinion about the cause

6

admissible if the declarant is unavailable and his or her statement "bears adequate 'indicia of reliability.'" *Id*. at 66. Reliability can be inferred when "the evidence falls within a firmly rooted hearsay exception" or bears "particularized guarantees of trustworthiness." *Id*.

The medical examiner who performed the autopsy in this case was unavailable at Petitioner's trial due to his death. However, Petitioner had an opportunity to confront an assistant medical examiner who testified about the autopsy report. Furthermore, autopsy reports are business records, *United States v. Feliz*, 467 F.3d 227, 237 (2d Cir. 2006), *cert. denied sub nom Erbo v. United States*, __ U.S. __, 127 S. Ct. 1323 (2007), and the business-records exception to the hearsay rule is "firmly rooted." *United States v. Waters,* 158 F.3d 933, 940-41 (6th Cir. 1998). Even if autopsy reports do not fall within a "firmly rooted" exception to the hearsay rule, they bear sufficient indicia of reliability to satisfy the demands of the Confrontation Clause. *United States v. Rosa*, 11 F.3d 315, 333 (2nd Cir. 1993). Therefore, Petitioner's right of confrontation was not violated when a medical examiner testified about the autopsy report prepared by another medical examiner.

**B. Failure to Present Evidence**

A retired police officer testified at Petitioner's trial that, when he arrived at the crime scene on May 17, 1977, a detective pointed out a beer can from which the suspect had been drinking. Petitioner alleges that the prosecution failed to preserve the beer can and that suppression of this evidence violated his right to due process because fingerprints or DNA evidence on the can could have exonerated him.

---

of death based on factual reports - particularly an autopsy report - prepared by another." *United States v. De La Cruz*, 514 F.3d 121, 134 (1st Cir. 2008), *petition for cert. filed*, 77 U.S.L.W. 3009 (U.S. June 23, 2008) (No. 07-1602).

The Supreme Court has held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Due Process Clause requires a different result when the State fails "to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988)). The failure to preserve potentially useful evidence does not constitute a denial of due process "unless a criminal defendant can show bad faith on the part of the police." *Id*. at 58; *see also California v. Trombetta*, 467 U.S. 479, 491 (1984) (concluding that "the Due Process Clause of the Fourteenth Amendment does not require that law enforcement agencies preserve breath samples in order to introduce the results of breath-analysis tests at trial").

The evidence in question here was not clearly favorable to Petitioner's defense. In fact, Petitioner admits that the beer can could have inculpated him as the shooter. "[T]he substance destroyed . . . was, at best, 'potentially useful' evidence, and therefore *Youngblood's* bad-faith requirement applies." *Illinois v. Fisher*, 540 U.S. 544, 549 (2004) (*per curiam*). Petitioner does not allege that the prosecution acted in bad faith, and the record does not indicate why the beer can in question was not preserved. The Court suspects that the evidence was not preserved because the police had eyewitnesses who were able to identify Petitioner as the shooter. In the absence of a showing of bad faith, Petitioner's claim about the prosecution's failure to preserve the beer can lacks merit.

**C. Competence at Trial**

Petitioner alleges next that he was unable to consult with his trial attorney in a meaningful way because he was under the influence of prescribed medications. Petitioner states that a malignant portion of his lung was removed about two weeks before his trial and that he was discharged from the hospital with instructions to take Keflex and Vicodin ES. As a result, he claims that he was unable to fully understand the magnitude of the criminal proceedings and he was unable to assist his attorney in his own defense.

> The Supreme Court recently explained that
>
> the Constitution does not permit trial of an individual who lacks "mental competency." *Dusky* [*v. United States*, 362 U.S. 402 (1960)] defines the competency standard as including both (1) "whether" the defendant has "a rational as well as factual understanding of the proceedings against him" and (2) whether the defendant "has sufficient present ability *to consult with his lawyer* with a reasonable degree of rational understanding." 362 U.S., at 402, 80 S. Ct. 788 (emphasis added; internal quotation marks omitted). *Drope* [*v. Missouri*, 420 U.S. 162 (1975)] repeats that standard, stating that it "has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, *to consult with counsel, and to assist in preparing his defense* may not be subjected to a trial." 420 U.S., at 171, 95 S. Ct. 896 (emphasis added).

*Indiana v. Edwards*, __ U.S. __, __, 128 S. Ct. 2379, 2383 (2008). However, due process of law is not violated by presuming that a defendant is competent or by requiring a criminal defendant to prove by a preponderance of the evidence that he is not competent to stand trial. *Medina v. California,* 505 U.S. 437, 449 (1992).

Exhibits to Petitioner's motion for equitable tolling confirm that Petitioner had surgery for carcinoma of the lung on April 4, 2001. He was discharged from the hospital on April 12, 2001, and his trial was commenced on April 19, 2001.

The transcript of trial indicates that Petitioner and his attorney discussed whether to have the jury instructed on lesser-included offenses. There are no other clues in the transcript of trial

9

as to whether Petitioner was competent or incompetent at trial. However, his medical records indicate that he did well during his hospital stay, that he was discharged in stable condition, and that he was permitted to engage in activity "as tolerated." His discharge medications included Keflex for a period of five days and Vicodin.

Petitioner should have exhausted his supply of Keflex by the time of trial, and he alleges that the only adverse reactions to Vicodin are lightheadedness, dizziness, sedation, nausea, and vomiting. Petitioner does not allege that he experienced these symptoms or any other adverse reactions from Vicodin or Keflex. He merely alleges that he endured trial while under the influence of *potentially* mind-altering medications. The Court finds that Petitioner has failed to prove by a preponderance of the evidence that he was incompetent to stand trial.

**D. Trial Counsel**

Petitioner contends that he was denied his right to the effective assistance of counsel because his trial attorney failed to object to the errors alleged in the previous three claims. To prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate that his attorney's "performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689.

Petitioner's first two claims lack merit, and he has not carried his burden of showing that he was incompetent to stand trial. Therefore, defense counsel was not ineffective for failing to question Petitioner's competence or for failing to object to the medical examiner's testimony and the prosecutor's failure to preserve the beer can from which the shooter was drinking. Counsel's

failure to object or to raise the foregoing issues did not amount to deficient performance and did not constitute ineffective assistance. Therefore, Petitioner is not entitled to relief on the basis of his fourth claim.

### E. Appellate Counsel

Petitioner's fifth and final claim alleges that he was denied his right to the effective assistance of counsel on direct appeal because his appellate attorney failed to litigate the issues raised here.

> Appellate counsel is, of course, not required to raise every non-frivolous issue on appeal. "As the Supreme Court has recently observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. In such cases, the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.' " *Caver v. Straub,* 349 F.3d 340, 348 (6th Cir. 2003) (quoting *Smith v. Robbins,* 528 U.S. 259, 289, 120 S.Ct. 746, 145 L. Ed.2d 756 (2000)) (internal citations omitted); *see also McFarland v. Yukins,* 356 F.3d 688, 710-12 (6th Cir. 2004).

*Franklin v. Anderson*, 434 F.3d 412, 429 (6th Cir. 2006), *cert. denied sub nom Houk v. Franklin*, __ U.S. __, 127 S. Ct. 941 (2007).

None of Petitioner's claims, including the claim about trial counsel, are clearly stronger than the issues Petitioner's attorney raised on direct review. Therefore, the Court's inquiry is at an end. "[B]y definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

### IV. Conclusion

Petitioner's claims lack merit, and the state courts' rejection of the claims did not result in decisions that were contrary to Supreme Court precedent. Accordingly, the habeas corpus petition is dismissed with prejudice. Respondent's motion to dismiss [Doc. 9, June 3, 2008] is

**GRANTED** on alternative grounds and, as previously explained, Petitioner's motion for equitable tolling [Doc. 4, Nov. 29, 2007] likewise is **GRANTED**.

The Court **DECLINES** to grant a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* in this Court. Fed. R. App. P. 24(a)(3).

Dated: July 29, 2008

S/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 29, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee  
Deputy Clerk